## Jenkins v. Burlington & Missouri River R. R. Co.

**Railroad**: LOCATION OF DEPOT: CONTRACT. The plaintiff conveyed the right of way through his land to a railroad company, on condition that it should make the village of C. a station. The company made C. a station, but located its depot about one-fourth of a mile from the town plat. *Held*, under the circumstances of the case, that this was a sufficient compliance with the condition.

*Appeal from Wapello District Court.*

TUESDAY, JULY 26.

ACTION to recover for a right of way. Trial to court, and judgment for defendant. The plaintiff appeals.

*Hendershott & Burton* for the appellant.

*D. Rorer* for the appellee.

COLE, Ch. J.—Plaintiff was the owner of one hundred and sixty acres of land, through which defendant wished to construct its road. In April, 1863, the plaintiff, for the consideration of one dollar, conveyed to defendant a right of way for its road through his land on the line then actually surveyed and staked through it. This con-

veyance was without any conditions. Afterward, defend-ant found it expedient to change its line, making it run more directly through plaintiff's land and a short distance south of the first line. Thereupon plaintiff executed another deed to defendant for a right of way along this new line. The last deed was also in consideration of one dollar, and to the *habendum* was added these words, " This deed is upon the express condition that the said company. shall make Chillicothe a station, otherwise void." The company made Chillicothe a station, but established its depot about one-fourth of a mile east of the town plat. It is claimed by the plaintiff that such location of the depot was a violation of the condition annexed to his deed, and that it is therefore void. The district court found that the location was a substantial compliance with the condition. In this conclusion we concur, and deem it unnecessary to review the evidence leading us thereto.

Affirmed.