CEDAR FALLS AND MINNESOTA R. R. Co. v. RICH.

1. **Contract:** SUBSTANTIAL COMPLIANCE: RAILROAD SUBSCRIPTION. Where a person agreed in writing to pay to a railroad company a certain sum, to aid in the construction of its road, on condition or when the company should build a depot and open its road to a point within one mile of the post-office of a certain town, it was *held*, in an action on the agreement, that the building of a side-track, which was operated as such, and a depot at a point within the distance named, was a substantial compliance of the contract on the part of the company, although the main-track of the road was not, nor was the whole of the depot building, within the mile.

2. —— It was also held that the distance mentioned in the contract should be measured by a direct line, rather than by the nearest traveled route.

3. **Instruction:** ERROR WITHOUT PREJUDICE. The refusal of an instruction which, though correct, could have worked no prejudice to the party complaining, constitutes no sufficient ground for reversal.

*Appeal from Floyd Circuit Court.*

MONDAY, DECEMBER 20.

ACTION upon an instrument in the following words:

" $100.          CHARLES CITY, IOWA, September 6, 1866.

" The undersigned being interested in property in the Cedar Valley, which it is believed will be benefited by the

extension of the Cedar Falls and Minnesota Railroad to Charles City, in Floyd county, Iowa, for the purpose of inducing said company to extend their road, as aforesaid, promises to pay to the said Cedar Falls and Minnesota Railroad Company, or bearer, $100, as soon as the said company shall locate and build a suitable depot, and shall complete and open for business said railroad to a point within one mile of the present site of the post-office in Charles City.

"Provided, however, that, if said railroad shall not be thus constructed and open for business by the first day of January, 1869, this instrument shall be void.

"J. E. Rich."

The answer of defendant denies that the plaintiff has built a suitable depot and completed and opened its road at a point within one mile of the post-office in Charles City, or that it has, in any manner, fulfilled its agreement. It is also alleged in the answer that plaintiff was induced to execute the instrument by false and fraudulent representations, to the effect that, in order to secure the building of the railroad, the people of Charles City were required, of necessity, to raise a certain sum, of which the amount defendant obligated himself to pay was his fair proportion, when, in fact, the said sum was not necessary to secure the construction of said road, and was not subscribed. It is further pleaded in defense, that the whole of the amount subscribed in Charles City was to be expended in building a depot at that place, under the terms of representations made by plaintiff, whereby defendant was induced to execute the instrument sued on; but, in fact, plaintiff wholly failed so to do, and has constructed an inferior depot building of but small cost.

There was a verdict for plaintiff, which, upon defendant's motion, was set aside and a new trial granted. From this ruling plaintiff appeals.

*Starr & Patterson* for the appellants.

*Boulton & Duncan* for the appellee.

BECK, J. — I. The main question presented in the argument of counsel relates to the sufficiency of the evidence to support the verdict. No other question is discussed. The evidence was brief and the disputed points are such as involve the question of the distance of the depot built by plaintiff, and its railroad at that point, from the post-office. By measurement upon a direct line, the distance from the post-office to the depot was found to be less than one mile, by the difference of a few feet. The whole of the depot building and the main track of the road at that point, however, were not covered by this measurement. The side track of the road, however, was on the side of the depot in the direction of the post-office, thus being less than a mile distant. By geometrical demonstration, it is attempted to be shown by the counsel of plaintiff, that the main track of the road, at a point near the depot, was within the distance of one mile of the post-office. In the same way, defendant's counsel attempts to show that it is, at no point, within that distance. We find it unnecessary to enter into an investigation of the merits of the respective counsel's arguments upon this point. The evidence is indisputable that from the post-office to the depot the distance is not one mile, and to a side track used by defendant for the business of the road at Charles City, it is even less. We think the evidence shows, on the part of plaintiff, a compliance with the conditions of the instrument sued on. The road was completed and opened for business to a point within one mile of the post-office, and a suitable depot was located and built. This language is in the very terms of the condition of the contract. In our opinion, that condition has been strictly complied with. Plaintiff's railroad is com-

*Margin note:* 1. CONTRACT: substantial compliance: railroad subscription.

pleted and opened for business to the point indicated in the obligation of defendant, for the side track, which is used for the business of Charles City, is within the distance of one mile from the post-office, and the depot is built at that point. It follows that the condition of defendant's contract has been performed.

Defendant's counsel insist that, by measuring to ·the most distant part of the depot building, a distance greater than a mile by twenty-two and thirty-four one hundredths feet is found. In the absence of any showing that the parties intended to provide against such an inconsiderable variance, or that prejudice has or may result therefrom, we cannot regard it as an absolute failure of plaintiff to perform the condition in the obligation sued on, even were we to consider that every part of the depot building, under the contract, is required to be within a mile of the post-office. The law does not give importance to such trifling things, and, because of them, annul solemn contracts. *De minimis non curat lex.*

We are of the opinion that the verdict, as to the point just considered, was clearly supported by the evidence. We recognize fully the rule, so often announced in this court, that it requires a clear case to authorize us to interfere with a ruling of the kind complained of—in fact a stronger case than will justify this court in reversing the decision of the court below in overruling a motion for a new trial. We think this case is fairly within that rule, and that the ruling of the circuit court cannot be sustained under it.

II. The circuit court, upon the trial, held that the distance from the post-office to the depot, under the contract, should be measured by a direct line. Defendant then, as now, insists that it should be by the nearest traveled route, and that the ruling of the circuit court upon this point is erroneous and, therefore, requires the order granting a new trial to be sustained. We think the view of the circuit court, objected to by defendant, is correct. The

instrument sued on is silent in regard to the manner of measurement or route to be measured. It will be presumed that the distance mentioned therein was intended to be upon a direct line. According to general usage, the language employed must be so understood.

III. The defendant offered to introduce certain evidence in support of the defense pleaded, that the execution of the contract was obtained by fraud of plaintiff. The evidence was not allowed, and defendant insists that its exclusion was erroneous. The record does not advise us as to the character of this evidence, further than it was of representations made by the agent of plaintiff; what these representations were does not appear. We cannot say that they were improperly excluded, or that their introduction in evidence would not have been improper.

IV. The defendant asked the court to instruct the jury that, in making up their verdict, they had " a right to consider the question of the subject-matter, as well as the time and place, and character of the agreement on the part of plaintiff, and, in order for plaintiff to recover, it must show that it has performed on its part all it stipulated to do, having reference to the subject-matter and the uses and purposes for which it was intended." This instruction was refused. We may concede that this instruction is correct, yet, we are clearly of the opinion that, had it been given, the verdict could not have been different. If, under this instruction, a verdict had been given for defendant, as we regard the case, we could not have sustained it. The refusal of this instruction is, therefore, error without prejudice.

*3. INSTRUCTION: error without prejudice.*

In our opinion, the circuit court committed no error in the instructions, or other rulings, which required a new trial to be granted. The order directing the verdict to be set aside is reversed, and a judgment will be entered thereon in the court below.

Reversed.