FITZGERALD & REMICK v. BRITT ET AL.

1. **Contract:** SUBSTANTIAL COMPLIANCE: SPECIFIC PERFORMANCE. Where one agreed in writing to convey to a railroad company five acres of land, on condition that the company would locate its depot upon a certain forty acre tract or upon any five acres adjoining, and the depot was located upon a tract which touched a corner of the forty acres but did not lay along side of it, it was *held*, that there had been a substantial compliance, entitling the company to specific performance.

*Appeal from Page District Court.*

TUESDAY, JUNE 13.

THIS is an action for specific performance, and is here for trial *de novo*. On the 22d day of June, 1872, the defendants executed and delivered to the Brownville & Nodaway Valley Railroad Company, the assignor of plaintiffs, a written contract, by which they agreed to convey to said company five

acres of land situated in the north-west corner of forty acres owned by the defendants. The said five acre tract is in the form of a rectangle, being 710 feet in length north and south, and 306.8 in width east and west. The consideration for said land was the agreement of the Railroad Company to construct its road to the town of Clarinda by the 1st day of October, 1872, and to permanently locate its depot *either on the five acres agreed to be conveyed, or upon any five acre tract adjoining the same on the north or west side.*

The defendants allege that said contract was procured by fraud and is therefore void, and that the said Railroad Company has not complied with its contract in the location of the depot. The cause was referred. There was a report of the referee recommending that plaintiffs' petition be dismissed. Exceptions to the report were sustained by the court, and a decree for specific performance entered. Defendants appeal.

*J. R. Moreledge* and *Wm. McPherrin,* for appellants.

*Hepburn & Thummel,* for appellee.

ROTHROCK, J.—I. The evidence falls far short of establishing the alleged fraud in procuring the contracts in question. The referee found that the contract was untainted with fraud, and in that conclusion we concur. It is not necessary to reproduce the evidence on that question in this opinion.

II. The material question is, has there been a compliance by the railroad company with its contract in locating the depot?

1. CONTRACT: substantial compliance: specific performance. No question is made as to the time at which the road was completed and the location made; the only question is as to whether the actual location as made is a compliance with the terms of the written contract.

The depot building or station house is situated 187 feet north-west of the corner of the land in controversy. It is on a tract of land which laps over or adjoins upon the north of the land in question a distance of 17 feet; the main track of the road and the side tracks necessary for depot purposes extend along the west side of the land in question a distance of about

475 feet, and in addition to the side tracks, the turn table, engine house, etc., are situated on the land on the west.   It is difficult to give an exact idea of the location without a plat, but the above will probably be sufficient.

It is claimed by appellant that there has been no compliance by the Railroad Company, for the reason that the depot has not been located on a tract of land of five acres adjoining the land in controversy on the north, or on a tract of five acres adjoining on the west.

There are no words in the contract designating the form of the five acres north or west upon which the depot should be located.   In the absence of any descriptive words, we think a fair construction of the contract is that the parties contemplated a square.   It is not possible that they had in mind a rectangle which might be indefinitely long, or a triangle, two sides of which might be indefinitely extended.   They were stipulating for proximity in the location of the depot, and this fact, we think, should control the form of the five acre tract upon which the depot should be located.

When a grant of any given number of acres is made out of a corner of a tract of land, the premises should be surveyed in a square.   *Morris v. Stuart*, 1 G. Greene, 375.   The referee found that the five acre tract upon which the depot should be located, should have the same dimensions as the tract in controversy, and should adjoin it along the whole of the north or west side.   In this conclusion we cannot concur.   We find nothing in the case to warrant it.   The mere fact that the land in controversy is in the form of a rectangle may be as well attributed to other causes, such as the location of the residue of defendants' land with reference to the five acres or the like, as to attempt by this description to give form to the five acres upon which the depot should be located.

Holding, then, that the parties, in fixing the location, intended that the depot should be on five acres in the form of a square on the north or west of the land in dispute, and as in such form it could not adjoin along the whole line, our conclusion is that there has been a substantial compliance with the contract, and this is all that is required.   *Jenkins v. The Bur-*

*lington & Missouri River R. R. Co.*, 29 Iowa, 255; *Cedar. Falls & Minn. R. R. Co. v. Rich*, 33 Iowa, 113.

In thus disposing of the case, it is not necessary to determine what is intended by the location of the depot, whether it means the depot building only or includes the grounds surrounding, used for loading and unloading freight. In either view it is within the contemplated five acres, as we construe the contract.

AFFIRMED.