## MEADER v. LOWRY.

## MARTZ v. THE SAME.

1. **Taxation:** RAILROAD: NARROW GAUGE. Where a tax had been voted to aid in the construction of a railroad. the fact that a narrow gauge road was constructed was *held* not to be a sufficient ground for restraining the collection of the tax.

2. ———: ———: TRUSTEES. After the construction of the road, the township trustees were guilty of no fraud in certifying to the fact that a railroad had been constructed, as contemplated in the notice of election.

3. ———: ———: ———. The certificate of the trustees was not invalidated by the fact that it was signed in a place outside of the township.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 20.

THE plaintiff in the first action is a resident property owner and taxpayer of Madison township, Polk county, and as such brought said action to restrain the collection of certain taxes certified and levied under the following circumstances, as stated in the petition:

An election was held in said township, in pursuance of a legal notice, for the purpose of determining whether a tax

should be levied on the property in said township to aid in the construction of a "railroad from the city of Des Moines, in the State of Iowa, by way of Polk City, in said county, to Ames, in Story county, known as the Des Moines & Minnesota Railroad Company." A majority of votes were cast in favor of such proposition and the tax was levied by the proper authority, and the petition states:

"That in truth and in fact the railroad for which said tax was voted to aid, to-wit: the railroad referred to in said notice of election, has never been built, nor attempted to be built, by said Des Moines & Minnesota Railroad Company, or any other company.

"That by the term 'railroad,' as used in said notice of election, and as universally understood by all persons, was meant a line of railway of the ordinary gauge commonly and ordinarily used and constructed in this country, it being the only kind of a railway of which the electors of said Madison township had any knowledge, and plaintiff avers that said term 'railroad' was at that date commonly and universally so used and accepted, and that the kind of so-called railroad hereinafter referred to was not then in use or known in this country; that the said defendant, the Des Moines & Minnesota Railroad Company, instead of constructing, equipping and operating the railroad described in said notice of election, undertook to construct, equip and operate a kind of road commonly known and designated as a 'Narrow Gauge Railroad,' being a so-called railroad constructed on a new, unusual and comparatively unknown plan, with an extraordinary gauge of track, then unknown to said electors, and of a vastly inferior capacity and carrying power, with equipments, rolling stock, ties, road-bed and rails, all of the lowest possible grade of construction in every respect, and having a gauge so narrow as to render it impossible for said road to transport and haul over its road the cars of any other company operating the usual and ordinary kind of railway, and that an improvement of the kind actually constructed was not contemplated by the electors, nor, as plaintiff believes, by the defendant, the Des

Moines & Minnesota Railroad Company, at the time said vote was taken.

"That under the claim and pretense that the improvement constructed and operated, as described in paragraph seven hereof, was the 'railroad' for which said tax was voted to aid, the officers, agents and attorneys of said Des Moines & Minnesota Railroad Company, by fraud and fraudulent concealments and devices, procured certain individuals, claiming to be trustees of Madison township as at present constituted, to sign a paper, a copy of which is hereto attached and made a part hereof, marked Exhibit "B." That the board of trustees of Madison township consisted at that time of three persons, to-wit: Henry Crabtree, John Evans, and J. M. Householder; that the said Henry Crabtree and J. M. Householder, whose names were attached to said paper, well knew, as did also the said railroad company, at the time said paper was signed, that the railroad which the said tax had been voted to aid had not been constructed, nor any part thereof, but the said Henry Crabtree and J. M. Householder fraudulently and corruptly, and by the fraud and corrupt procurement of said railroad company, and well knowing that said so-called 'Narrow Gauge Railroad' was not the improvement that said tax was voted to aid, signed the said paper hereinbefore set out, and fraudulently and corruptly pretended that said paper constituted a certification under the law, the said paper having been signed by them with a view of aiding the said railroad company in their fraudulent and corrupt design to secure the said tax, to which they were in no manner entitled; that the tax payers interested had, prior to the execution of said paper, formally protested against a certification by the trustees of said township, and at a meeting of said trustees, held on or about the 8th of July, 1874, at which a portion of the tax payers of said township were present, and were also represented by counsel, it was agreed and resolved by said trustees, that before final action was taken in the matter of said certification the parties in interest should have an opportunity to be heard, and that due notice of a meeting of the trustees for that purpose would be given; that no such opportunity or

notice was given; and plaintiff avers that no subsequent meeting was ever held, but that thereafter and about the month of September, 1874, the said Henry Crabtree and J. M. Householder secretly went from said Madison township to the city of Des Moines, and to the office of said railroad company in said city, which is not within the territorial limits of said township of Madison, and executed said paper, dating the same back to 2d of June, 1874; that no meeting, sitting, or session, was ever had of the trustees of Madison township, either in Madison township or elsewhere, at which a certificate to the county treasurer that said tax had ever been earned, was ever made or authorized to be made; that said trustees never met or acted upon said question as a tribunal constituted by law for the determination thereof at any time or place, except the meeting held July 8, 1876, above referred to; and there was never any subsequent action ever taken by said trustees as a tribunal or otherwise, in Madison township or elsewhere, except the execution of said paper marked Exhibit "B," by two of said trustees in the city of Des Moines, and under the circumstances and with the fraudulent design and purpose hereinbefore more fully set out.

" That the electors of said township never voted aid to the improvement constructed by the company."

Exhibit " B " referred to in the petition is a certificate signed by two of the township trustees, certifying that said railroad company had complied with the law under which the tax was voted and was entitled to a certain portion of the taxes.

There was a demurrer to the petition, which being sustained, plaintiff appeals.

*Nourse & Kauffman*, for appellant.

*Barcroft, Given & Drabelle*, for appellees.

SEEVERS, J. — I.  That a railroad has been constructed and operated between the termini mentioned in the notice for the election is not disputed; the ground of complaint being that the gauge is narrow and unusual,

1. TAXATION: railroad: narrow gauge.

and that the carrying capacity and power is inferior to the usual and ordinary railway. But it is not averred that the road in question does not secure to the plaintiff and other tax payers all the benefits of a road of broader gauge. The fact that the gauge is narrower or broader than was contemplated by the voter when he cast his ballot is not alone sufficient to deprive the company of the tax. If this were so, there must in all cases be a literal compliance, and one of a substantial character never would be sufficient. It is, we believe, a matter of controversy between experts in operating railroads whether the usual or a narrower gauge is the better and more economical. If the gauge was deemed important it should have been specified in the notice, and even then we apprehend a substantial compliance would have been sufficient. *Jenkins v. B. & M. R. R. Co.*, 29 Iowa, 255; *Cedar Falls & M. R. R. v. Rich*, 33 Iowa, 113.

The road constructed, to all intents and purposes, is a railroad, operated in the usual and ordinary manner, it must be presumed, as there is no showing to the contrary. Nor is it averred that it does not in every particular answer the purposes of the tax payers. It is not shown that the charges are greater than on other roads, or that all the business offering cannot be done in the usual manner as performed by other roads that have a broader gauge.

II. It follows from what has been said the trustees were not guilty of any fraud in certifying that the company had

2. —: —:
trustees.

constructed a railroad as contemplated in the notice submitting the question of a levy of the tax. They did no more than they could have been compelled to do by *mandamus*, as there were no written promises or inducements save the notice of the submission to the tax payers. *Harwood v. Quinby et al.*, 44 Iowa, 385.

The only fraud alleged, as we understand the petition, on the part of the trustees, is that they certified that the road in question was a substantial compliance with the proposition submitted to the tax payers.

III. It was the duty of the trustees to look at and examine the road in question, for the purpose of determining whether

the road the tax payers had voted to aid had been constructed between the *termini* and on the route mentioned in the proposition submitted to the voters. The city of Des Moines was one of such *termini*, and as the certificate was signed there we are not prepared to say it is absolutely void. The law fixes no place where such act may be done, and in the absence of any statute we are of the opinion it could be well done in the city of Des Moines. The trustees were not bound to consult the tax payers. The law cast on them a duty, which they should perform in accordance with their own judgment. In the present case they seem to have so consulted, heard arguments against giving a certificate if not in favor, and arrived at a conclusion that we hold to have been right and proper.

AFFIRMED.

## THE SECOND ACTION

Is in all respects identical with the first, except that the plaintiff therein is a resident of the township of Crocker. In 1870, and after said tax was voted in the manner provided by law, Lincoln township was carved out of said township of Madison and duly formed, and at the same time the township of Crocker was formed, and it is partly composed of territory which formed a part of said Madison township at the time said tax was voted, and it is urged that the trustees of neither of the townships of Lincoln or Crocker have given the certificate required by law.

We are of the opinion this point is not well taken. The only certificate required by law is that of the trustees of Madison township.

AFFIRMED.