## The Sioux City & Pembina R. Co. v. Herron.

RAILROAD TAX: CERTIFICATE OF TRUSTEES.

*Appeal from Plymouth District Court.*

WEDNESDAY, JUNE 6.

THE petition in substance alleges that on the 27th day of April, 1872, a tax of five per cent was voted in aid of the Sioux City & Pembina Railroad by the voters of Johnson township, in Plymouth county; that on the 5th of June, 1872, a portion of the territory of Johnson township was formed into a new township, called Portland township; and that, in June, 1875, a portion of Portland township was organized into a new township, called Preston township, so that the territory originally embraced in Johnson township is now within the limits of the townships of Johnson, Portland and Preston; that on the 30th day of March, 1876, plaintiff filed with the county treasurer the proper certificate in writing of the township trustees of Johnson township, showing that said railway company had in all respects complied with the statutes, contracts, agreements, etc., etc., and was entitled to the whole of the tax within the limits of Johnson township, as constituted at the time of the election; also, that on the 18th of March plaintiff filed with the county treasurer a like certificate of the township trustees of Portland township; that thereupon plaintiff demanded of John Herron, treasurer of Plymouth county, that he give sixty days' notice of said tax becoming due, as required by section five, chapter two, Laws of the Fourteenth General Assembly, and that said notice should embrace the whole of the territory of Johnson township, as constituted at the time of the vote, but the treasurer refused to give any notice that would embrace and make due any tax upon the territory em-

braced in Preston township. The plaintiff prays a writ of *mandamus* commanding defendant to issue the notice required.

The defendant's demurrer to the petition was sustained. Plaintiff appeals.

*Marks & Hubbard* and *S. T. Davis*, for appellant.

*I. S. Struble*, for appellee.

DAY, CH. J.—The only question involved in this case is whether the certificate of the trustees of the new township of Preston is necessary in order to entitle the plaintiff to the tax voted upon the territory embraced in Johnson township at the time the tax was voted. This question was presented to this court in *Martz v. Lowry and D. M. & M. R. Co.*, 45 Iowa, 684, and was decided adversely to appellee. Following the decision in that case, the judgment of the court below in this is

REVERSED.